# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>DEREK ADKINS,<br><br>        Defendant. | Case No. 19-cr-00651-BAS-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (ECF No. 73)** |

On November 4, 2019, this Court sentenced Defendant Derek Adkins to thirty-six months in custody for importing methamphetamine. Defendant now moves for a modification of sentence under 18 U.S.C. § 3582(c)(1), arguing that he is entitled to compassionate release because of his risk from exposure to the COVID-19 virus. (ECF No. 73 ("Motion").) The Government opposes the motion ("Government's Opposition"), and Defendant replies (ECF No. 77). For the reasons below, the Court **DENIES** Defendant's motion.

**I.    BACKGROUND**

On January 27, 2019, Defendant drove a car through the San Ysidro Port of Entry. Agents found thirty-six packages of methamphetamine, weighing approximately 19.7 pounds, hidden throughout the car. (PSR ¶¶ 4-5.) Defendant

was released on bond on March 7, 2019. (PSR ¶ 11.)

Defendant pled guilty and was sentenced to thirty-six months in custody. (ECF No. 66.) He self-surrendered to the designated facility on January 8, 2020. (ECF No. 69.) At the time of his sentencing, defendant, who is twenty-eight years old, reported no physical health problems. (PSR ¶ 39.)

Defendant now requests compassionate release because of the threat from the COVID-19 virus. He claims he "suffered from reactive airway disease" up until the time he was five years old, and that he has untreated anxiety and depression, which is worsened by conditions of confinement during COVID-19. (Motion; Ex. A Decl. of Melanie Adkins ¶ 7.)

On April 22, 2020, Defendant sought compassionate release from the warden at FCI McKean, where he is being housed. The request was denied on April 30, 2020. There is no indication that Defendant has appealed this ruling through the Administrative Remedy Program.

## II.   ANALYSIS

Under 18 U.S.C. § 3582(c)(1)(A), a court may, in certain circumstances, grant a defendant's motion to modify his or her term of imprisonment. Before filing such a motion, the defendant must first petition the Bureau of Prisons ("BOP") for compassionate release. 18 U.S.C. § 3582(c)(1)(A). A court may grant the defendant's motion for a modification in sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or after 30 days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

"Requiring inmates to exhaust their administrative remedies before seeking court intervention serves several purposes. First, it protects administrative agency authority by guaranteeing agencies the 'opportunity to correct [their] own mistakes.'" *United States v. Ng Lap Seng*, __ F. Supp. 3d __, 2020 WL 2301202, at *4 (S.D.N.Y.

May 8, 2020) (quoting *Woodford v. Ngo*, 548 U.S. 81, 89 (2006)). "Second, it promotes efficiency since claims 'generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court.'" *Id.* Although this Court finds that such exhaustion is mandatory, the Government may waive the exhaustion requirement by asking the court to consider the substantive merits of a defendant's motion. *Id.* at *7.

If the exhaustion requirement is met, a court may modify or reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C.] section 3553(a)" if the Court finds, as relevant here, that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. *United States v. Holden*, __ F. Supp. 3d __, 2020 WL 1673440, at *3 (D. Or. Apr. 6, 2020).

Defendant attaches evidence that he petitioned the BOP for compassionate release and was denied. (Motion, Ex. D.) Although Defendant fails to show that he has exhausted his administrative remedies by appealing this denial, the Government's Opposition waives the challenge by asking the Court to consider the substantive merits of the Motion.

The Court finds many of the § 3553 factors considered by the Court at the time of Defendant's sentencing cut in the same direction now as they did at the time of sentencing. In fact, the sentencing occurred only seven months ago, and Defendant has served only about six months of his original thirty-six-month sentence.

Furthermore, the fact that he suffered reactive airway problems as a child—almost twenty-five years ago—or that he has mental health problems exacerbated by anxiety over COVID-19 is insufficient to rise to the level of "extraordinary and compelling" circumstances warranting compassionate release. BOP medical records for Defendant reflect no current respiratory issues. (Government's Opposition, Ex.

1.)  And the anxiety Defendant suffers about exposure to COVID-19 is likely to continue whether he is in or out of custody.

The Government correctly notes that the BOP has taken significant measures to combat coronavirus in its facilities.  (Government's Opposition at 2-4.)  Nonetheless the Court recognizes that the risk that Defendant will contract coronavirus in custody is a distinct possibility.  However, considering all the factors under § 3553(a), the Court finds release at this time is not warranted.  And, therefore, the Court **DENIES** Defendant's Motion (ECF No. 73).

**IT IS SO ORDERED.**

**DATED: June 9, 2020**

Hon. Cynthia Bashant
United States District Judge